OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

November 19, 2002

The Honorable Frank Madla
Chair, Intergovernmental Relations Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0576

Re: Whether a particular community housing development organization is entitled to an exemption from taxation of its real property under section 11.182 of the Tax Code (RQ-0561-JC)

Dear Senator Madla:

You ask whether a particular organization that qualifies as a community housing development organization under section 11.182 of the Tax Code "and is 100% owner of the general partner in a limited partnership that owns improved real estate for the direct purpose of renting low income housing units within the county" is entitled to exemption from taxation of its real property.[1] Because we have been provided with limited information regarding the particular organization and the issue in controversy, we answer your question in general terms. To qualify for an exemption from taxation of its real property under section 11.182 of the Tax Code, an organization must first satisfy the requirements of article VIII, section 2(a) of the Texas Constitution. Then it must satisfy all the requirements of section 11.182 of the Tax Code: The organization must qualify as a community housing development organization under section 11.182 (b) of the Tax Code and "control 100 percent of the interest in the general partner if the project is owned by a limited partnership" assuming section 11.182(e) of the Tax Code (which sets out particular requirements for a housing project constructed after December 31, 2001 with the proceeds of certain tax-exempt bonds) applies; and it must satisfy the other requirements of section 11.182 that apply to the organization and its property. We cannot and do not determine whether the organization you ask about is in fact entitled to an exemption from taxation of real property under article VIII, section 2(a) and section 11.182. The chief appraiser for the appraisal district in which the particular organization's property is located is authorized to determine in the first instance whether the property is tax exempt. The burden is on the organization seeking an exemption to show that it is entitled to the exemption under article VIII, section 2(a) of the constitution and section 11.182 of the Tax Code.

We briefly review the constitutional provision pursuant to which the legislature adopted section 11.182 of the Tax Code. Article VIII, section 1 mandates that all real and tangible personal property, unless exempt as required or permitted by the constitution, shall be taxed in proportion to

---

[1]Letter from the Honorable Frank Madla, Chair, Intergovernmental Relations Committee, Texas State Senate, to the Honorable John Cornyn, Texas Attorney General (June 13, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

its value. *See* TEX. CONST. art. VIII, § 1(a). Article VIII, section 2(a) provides that the legislature "may, by general laws, exempt from taxation . . . all buildings *used exclusively and owned by . . . institutions engaged primarily in public charitable functions*, which may conduct auxiliary activities to support those charitable functions; and all laws exempting property from taxation other than the property mentioned in this Section shall be null and void." *Id.* art. VIII, § 2(a) (emphasis added). Thus, under article VIII, section 2(a), to qualify for tax exempt status, an organization must be (1) a charitable institution and (2) the real property must be used exclusively and owned by the charitable organization. *See N. Alamo Water Supply Corp. v. Willacy County Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex. 1991); *Baptist Mem'ls Geriatric Ctr. v. Tom Green County Appraisal Dist.*, 851 S.W.2d 938, 941 (Tex. App.–Austin 1993, writ denied) (and cases cited). Before an institution can qualify for tax exempt status under a statutory scheme, the institution must first satisfy the constitutional requirements. *See N. Alamo Water Supply Corp.*, 804 S.W.2d at 899; *Baptist Mem'ls Geriatric Ctr.*, 851 S.W.2d at 941.

Under section 11.182 of the Tax Code, a qualified community housing development organization is entitled to an exemption from ad valorem taxation of its improved or unimproved real property owned for the purpose of providing low-income or moderate-income housing if it meets the requirements of subsection (b) of the Tax Code and the other provisions of section 11.182 that apply to the particular organization and its property.

Section 11.182(b) of the Tax Code provides that a community housing development organization within the meaning of section 12704 of the United States Code "is entitled to an exemption from taxation of improved or unimproved real property it owns if" it

> (1) is organized as a community housing development organization;
>
> (2) meets the requirements of a charitable organization provided in Sections 11.18(e) and (f) [regarding operations and assets];
>
> (3) owns the property for the purpose of building or repairing housing on the property to sell without profit to a low-income or moderate-income individual or family satisfying the organization's eligibility requirements or to rent without profit to such an individual or family; and
>
> (4) engages exclusively in the building, repair, and sale or rental of housing as described by Subdivision (3) and related activities.

TEX. TAX CODE ANN. § 11.182(b) (Vernon 2001); *see also* 42 U.S.C. § 12704 (West 1995) (defining "community housing development organization" as a nonprofit organization that has as one of its

purposes the provision of housing to low-income and moderate-income persons). That an organization qualifies under this provision does not end the inquiry.

To qualify for the tax exemption provided in subsection (b), an eligible community housing development organization must satisfy the specific requirements or restrictions of subsections (c) through (g) of section 11.182, to the extent those provisions apply in the particular situation. We summarize those provisions in general terms. Under subsection (c), a community housing development organization's real property may not be exempted from taxation after the third anniversary of the date of the property's acquisition unless the property is offered for rent or is rented to low-income or moderate-income individuals or families. *See* TEX. TAX CODE ANN. § 11.182(c) (Vernon 2001). Pursuant to subsection (d), a multifamily rental property consisting of thirty-six or more dwelling units may not be exempted in a subsequent year unless in the preceding year the organization expended at least forty percent of taxes saved as a result of the exemption in that year on social, educational, or economic development services, capital improvements projects, or rent reduction. *See id.* § 11.182(d); *see also id.* § 11.182(h) (property exempted from this requirement). This requirement, however, does not apply to property financed with tax-exempt bonds between January 1, 1997 and December 31, 2001. *See id.* § 11.182(d). But under subsection (e), an organization seeking tax exemption for improved real property that includes a housing project acquired after December 31, 2001 with the proceeds of certain tax-exempt bonds, must "control 100 percent of the interest in the general partner if the project is owned by a limited partnership[,]" *see id.* § 11.182(e)(1);[2] comply with the community housing development rules and laws administered by the Texas Department of Housing and Community Affairs (the "Department"), *see id.* § 11.182(e)(2); and file annually with the Department and each taxing unit from which a project receives an exemption evidence that the organization spent more than ninety percent of the project's cash flow for eligible individuals or on social, educational, or economic development services, capital improvement projects, or on rent reduction, *see id.* § 11.182(e)(3); *see also id.* § 11.182(h) (property exempted from this requirement). Finally, to receive an exemption, under subsection (b) an organization must annually have an audit prepared by an independent auditor and deliver a copy of the audit to the Department and to the chief appraiser of the appraisal district in which the property sought to be exempted is located. *See id.* § 11.182(g).

In short, to qualify for an exemption from taxation of its real property under section 11.182 of the Tax Code, an organization must not only meet the requirements of section 11.182(b), but it must also satisfy the other requirements and restrictions of section 11.182 to the extent they apply in a particular situation.

We have not been provided with any information regarding the particular organization or property at issue other than that the organization is a qualified community housing development corporation and "is 100% owner of the general partner in a limited partnership that owns [the] improved real estate [.]" Request Letter, *supra* note 1, at 1. We do not know the provision of

---

[2]*Compare* TEX. TAX CODE ANN. § 11.182(e)(1), *with* TEX. CONST. art. VIII, § 2(a) (authorizing legislature to exempt only "all buildings *used exclusively and owned by* . . . *institutions engaged primarily in public charitable functions*") (emphasis added).

section 11.182 in controversy or requiring clarification. *See id.* Furthermore, we do not know whether as "100% owner of the general partner in a limited partnership that owns [the] improved real estate," the particular organization seeking the tax exemption is the exclusive user and owner of the property as required by article VIII, section 2(a). *Id.* Accordingly, we answer your question only in general terms. To qualify for an exemption from taxation of its real property under section 11.182, an organization must first satisfy the requirements of article VIII, section 2(a) of the Texas Constitution. Then it must satisfy all the requirements of section 11.182 of the Tax Code: it must qualify as a community housing development organization under section 11.182(b) and "control 100 percent of the interest in the general partner if the project is owned by a limited partnership" assuming section 11.182(e) applies; and it must satisfy the other requirements of section 11.182 that apply to the organization and its real property. Because we have been provided with limited information and because this office does not make finding of fact in the opinion process,[3] we cannot and do not determine whether the organization you ask about is in fact entitled to an exemption from taxation of real property under section 11.182 of the Tax Code.[4]

The chief appraiser for the appraisal district in which the particular organization's real property is located is authorized to determine in the first instance whether the property is exempt. In general, to receive a tax exemption, a person must apply for the exemption by filing an application with the chief appraiser for the appraisal district in which the property claimed exempt is located. *See* TEX. TAX CODE ANN. § 11.43(a) (Vernon 2001). The chief appraiser determines an applicant's right to an exemption. *See id.* § 11.45(a). After considering the application and the relevant information, the chief appraiser must, "as the law and facts warrant," (1) approve the application and allow the exemption; (2) modify the exemption applied for and allow the exemption as modified; (3) disapprove the application and request additional information from the applicant supporting the exemption; or (4) deny the application. *Id.*

The burden is on the organization seeking an exemption to show that the organization is entitled to the exemption under article VIII, section 2(a) of the constitution and section 11.182 of the Tax Code. Exemptions from taxation are not favored by the law and are not favorably construed. *See N. Alamo Water Supply Corp.*, 804 S.W.2d at 898. "Statutory exemptions from taxation are subject to strict construction because they undermine equality and uniformity by placing a greater burden on some taxpaying businesses and individuals rather than placing the burden on all taxpayers equally." *Id.* Thus, the burden of proof clearly showing that the organization falls within the statutory exemption is on the claimant. *See id.*

---

[3]*See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (stating that question of fact is beyond purview of this office); JC-0027 (1999) at 3 (stating that questions of fact cannot be addressed in attorney general opinion); JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process).

[4]*See, e.g., Baptist Mem 'ls Geriatric Ctr. v. Tom Green County Appraisal Dist.*, 851 S.W.2d 938, 945 (Tex. App. –Austin 1993, writ denied) ("Whether an organization is a purely public charity is a question of fact . . . Similarly, whether the property in dispute is used in furtherance of the organization's charitable purposes is a fact issue."); Tex. Att'y Gen. Op. Nos. DM-402 (1996) at 4-5 (whether particular resource conservation and development council exclusively serves charitable purpose or exclusively promotes social welfare is question of fact inappropriate for opinion process); JM-1257 (1990) (decision that particular entity is charitable organization within act ordinarily involves investigation and resolution of fact questions, which cannot be undertaken in opinion process).

## S U M M A R Y

To qualify for an exemption from taxation of its real property under section 11.182 of the Tax Code, a particular community housing development organization must first satisfy the requirements of article VIII, section 2(a) of the Texas Constitution. Then it must satisfy all the requirements of section 11.182 of the Tax Code: The organization must qualify as a community housing development organization under section 11.182 (b) of the Tax Code and "control 100 percent of the interest in the general partner if the project is owned by a limited partnership" assuming section 11.182(e) of the Tax Code (which sets out particular requirements for a housing project constructed after December 31, 2001 with the proceeds of certain tax-exempt bonds) applies; and it must satisfy the other requirements of section 11.182 that apply to the organization and its property. Whether a particular organization is entitled to an exemption from taxation of real property is a question of fact that cannot be determined in an attorney general opinion. The chief appraiser for the appraisal district in which the particular organization's property is located is authorized to determine in the first instance whether the property is exempt. The burden is on the organization seeking an exemption to show that it is entitled to the exemption under article VIII, section 2(a) of the constitution and section 11.182 of the Tax Code.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee